**R. C. BUCH, Plaintiff,**

v.

**Walter J. HICKEL, as Secretary of the Interior of the United States of America, Defendant.**

**No. 68–1358.**

United States District Court
C. D. California.
March 20, 1969.

---

John B. Lonergan, and Lonergan, Jordan & Gresham, San Bernardino, Cal., for plaintiff.

Wm. Matthew Byrne, Jr., U. S. Atty., Ernestine Tolin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR SUMMARY JUDGMENT

HALL, District Judge.

Plaintiff R. C. Buch having given notice of Motion for a Summary Judgment of Dismissal under Rule 56 of the Federal Rules of Civil Procedure, the Motion came on for hearing before the Court, John B. Lonergan, Esq., representing plaintiff and counsel of record representing defendant. The Court having considered the oral argument, the pleadings and the administrative record lodged with the Clerk, the same being the administrative record upon which the decision of the Assistant Solicitor, in the Office of the Secretary of the Interior, dated June 4, 1968 (A–30777) In the Matter of R. C. Buch, was made, now makes its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

#### I

On November 1, 1965 plaintiff and one E. E. Mitchell located Rusty Can #1 Lode Mining Claim upon an area of the federal public domain in Sec. 22, T. 10N., R. 1E., S.B.M., in San Bernardino County, California. Said area was then subdivided according to law and known as M.S. 6581.

#### II

Section 1(a) of the Recreation and Public Purposes Act (43 U.S.C. sec. 869 (a)) provided at all times here pertinent that the Secretary of the Interior, upon proper application, might in the manner prescribed by said Act dispose of any public lands to certain public bodies and entities and that before any such disposal under said Act was made it must be shown to the satisfaction of the Secretary that the land was to be used for an established or definitely proposed project. It further provided, as to classification of lands for disposal under said Act, as follows:

"The Secretary may classify public lands in Alaska for disposition under this Act [Secs. 869–869–4 of this title]. Lands so classified may not be appropriated under any other public land law unless the Secretary revises such classification or authorizes the disposition of an interest in the lands under other applicable law. If, within eighteen months following such classification, no application has been filed for the purpose for which the lands have been so classified, then the Secretary shall restore such lands to appropriation under the applicable land laws."

#### III

The Act did not specifically authorize the Secretary to classify lands in the states for such disposition, and only granted him authority to determine that the land was to be used for an established or definitely proposed project. Alaska was not a state at the time said Act became effective.

#### IV

Following enactment of the Recreation and Public Purposes Act, hereinafter called the Recreation Act for convenience, the Secretary adopted regulations found in Subpart 2232 of Title 43 of the Code of Federal Regulations, including 43 CFR 2232.1–4(a), which latter regulation reads as follows at all pertinent times:

"(a) Lands in Alaska classified under the act and lands in the States classified pursuant to the act under section 7 of the act of June 28, 1934 (48 Stat. 1272, 43 U.S.C. 315f), as amended, will be segregated from all appropriations, including locations under the mining laws, except as provided in the order of classification or in any modification or revision thereof."

Further, 43 CFR 2232.2–1(e) provided as follows:

"(e) All leases and patents issued under the act will reserve to the United

States all minerals, together with the right to mine and remove the same under applicable laws and regulations to be established by the Secretary of the Interior."

## V

The reference in 43 CFR 2232.1–4(a) to the act of June 28, 1934 was to the Taylor Grazing Act (43 U.S.C. sec. 315 et seq.) hereinafter called the Grazing Act for convenience, and was an attempt by the Secretary to vest in himself the authority, not expressly granted by the Recreation Act, to classify lands in the states for disposition under the Recreation Act by using the classification authority and procedure found in Section 7 of the Grazing Act (43 U.S.C. sec. 315f), but adding, as to the states, provisions for segregation from all appropriations, including locations under the mining laws.

## VI

Section 7 of the Grazing Act (43 U.S.C. sec. 315f) expressly provided at all times here pertinent as follows:

"The Secretary of the Interior is hereby authorized, in his discretion, *to examine and classify any lands* withdrawn or reserved by Executive order of November 26, 1934 (numbered 6910), and amendments thereto, and Executive order of February 5, 1935 (numbered 6964), or *within a grazing district, which are more valuable or suitable* for the production of agricultural crops than for the production of native grasses and forage plants, or *more valuable or suitable for any other use than for the use provided for under this Act*, or proper for acquisition in satisfaction of any outstanding lien, exchange or script rights or land grant, and to open such lands to entry, selection, or location for disposal in accordance with such classification under applicable public-land laws, except that homestead entries shall not be allowed for tracts exceeding three hundred and twenty acres in area. Such lands shall not be subject to disposition, settle-

ment, or occupation until after the same have been classified and opened to entry: Provided, That locations and entries under the mining laws, including the Act of February 25, 1920, as amended [30 secs. 181–184, 185–188, 189–192, 193, 194, 201, 202–209, 211–214, 223, 224–226, 226–2, 227–229a, 241, 251, 261–263], may be made upon *such withdrawn and reserved areas* without regard to classification and without restrictions or limitation by any provision of this Act." (Emphasis added.)

## VII

At all times here pertinent classification under Section 7 of the Grazing Act had been interpreted and applied by the Secretary in Subparts 2410 and 2411 of Title 43 of the Code of Federal Regulations. Section 2410.0–3(f) has at all such times provided as follows:

"(f) The Recreation and Public Purposes Act of June 14, 1926 (44 Stat. 741), as amended (43 U.S.C. 869–869–4), requires the Secretary of the Interior, in the exercise of his discretion to make a determination that land is to be used for an established or definitely proposed project, and in the case of Alaska authorizes him to classify certain classes of public lands for lease or sale for recreation or other public purposes."

## VIII

At all times here pertinent said Subpart 2411 established the procedures available to and to be used by the Secretary for classification of public land. In general they provide for an investigation, a proposed classification decision by the State Director of the Bureau of Land Management, an opportunity for protest, and administrative review, all as set out in 43 CFR 2411.1–1.

## IX

At no time has there been a provision in the Recreation Act for classification or segregation from entry under the min-

ing laws, either through the Grazing Act procedures or otherwise, and at no time has there been a provision in the Recreation Act for segregation or withdrawal of lands within the states from entry and location under mining laws.

X

Subparagraph (b) of 43 CFR 2232.1–4 provided at all times here pertinent as follows:

"(a) Lands in Alaska classified under the act and lands in the States classified pursuant to the act under Section 7 of the act of June 28, 1934 (48 Stat. 1272, 43 U.S.C. 315f), as amended, will be segregated from all appropriations, including locations under the mining laws, except as provided in the order of classification or in any modification or revision thereof.

(b) Classifications made pursuant to the act on the motion of the Government for which no application is filed within 18 months after issuance will be vacated and the land restored to its former status."

XI

At the time the Recreation Act was enacted, Alaska was not a state. Alaska became a state for the first time on the 3rd day of January 1959.

XII

On August 12, 1964, after the location of Rusty Can #1 Lode Mining Claim, a government motion classification statement was filed in the Riverside, California, District and Land Office in proceeding No. R–02287, without notice to the public. It described the area, and only the area, covered later by Rusty Can #1 Lode Mining Claim as M.S. 6581. No other action was taken at any time to classify or segregate the area as suitable for leasing for recreation and public purposes or otherwise. The area has not at any time been included in a lease under the Recreation Act.

XIII

By a supplemental plat approved and filed in the land office August 24, 1966, the description of the area of M.S. 6581 was changed to Government Lot 42 in said Sec. 22, T. 10N., R. 1E., S.B.M., and the area is now so designated as a part of the public survey.

XIV

On November 3, 1966 the owners of Rusty Can #1 Lode Mining Claim posted on the claim and filed for record an amended notice of location of the claim in form sufficient both as an original location and as an amendment of the original location.

XV

On March 2, 1967 the owners of the claim further posted on the claim and filed for record a further amended notice of location of the claim in form sufficient both as an original location and as an amendment of the claim.

XVI

On March 29, 1967, E. E. Mitchell, co-owner with R. C. Buch of the said claim, conveyed all his right, title and interest to plaintiff R. C. Buch, who is now the owner thereof.

XVII

At no time has an application been made by any qualified public body or entity prior to the filing of this action, for the use under lease or otherwise of M.S. 6581, also known as Lot 42, for recreation or public purposes or otherwise.

XVIII

The first application by any government agency for the inclusion of M.S. 6581 (Lot 42) in a lease for recreation or public purposes was filed April 7, 1967 at which time the County of San Bernardino addressed a letter to the Manager of the District and Land Office at Riverside, California, requesting that the

area be included in an area then held by the County under a lease under the Recreation Act, and which lease was identified as issued by the Bureau of Land Management in a proceeding No. R–04082.

### XIX

Without a government or other contest complaint having been filed against the mining claim under the provisions of any law or regulation, and without notice to the public or to the owner of Rusty Can #1 Lode Mining Claim, Rusty Can #1 Lode Mining Claim was declared void *ab initio* by the Manager of the District and Land Office at Riverside on April 12, 1966.

### XX

Plaintiff thereupon took a timely appeal to the Director of the Bureau of Land Management from the local land office decision, and by delegated authority the decision was affirmed by the Acting Chief, Office of Appeals and Hearings, Bureau of Land Management by decision dated December 13, 1966. A timely appeal was then taken by the claimant to the Secretary of the Interior, and by delegated authority the Assistant Solicitor, Land Appeals, Office of the Secretary of the Interior, by the Decision sought to be here reviewed dated June 4, 1968, affirmed the prior decisions. In the Office of the Secretary the proceeding was numbered A–30777 and it is reported in 75 I.D. 140.

### XXI

Assuming without deciding that the filing of the classification statement on August 12, 1964 (Finding XII hereof) was legally sufficient to classify the area therein described for disposal under the Recreation Act, nevertheless neither that action nor any subsequent disclosure of the classification upon a supplemental or other plat in the local land office had the effect of segregating or withdrawing the area from entry under the general mining law.

### XXII

Plaintiff has exhausted his administrative remedies.

There is no genuine issue as to the foregoing facts which are the only facts material to a decision.

The following conclusions of law, insofar as they may be considered findings of fact, are also found to be true in all respects.

From the findings of fact heretofore made the Court now makes its

## CONCLUSIONS OF LAW

### I

The Decision by the Assistant Solicitor, Land Appeals, Office of the Secretary of the Interior, in A–30777, decided June 4, 1968 in the Matter of R. C. Buch, reported in 75 I.D. 140, was plainly wrong, and in making it the Assistant Solicitor, for the Secretary of the Interior, acted arbitrarily and capriciously, and did not act according to law, in that at no time here pertinent was the area originally known and described as M.S. 6581 and now known as Government Lot 42 in Sec. 22, T. 10N., R. 1E., S.B.M., California, segregated or withdrawn from entry under the general mining law.

### II

In any event, the subject area was not at any time classified under the Taylor Grazing Act or otherwise and therefore was not segregated or withdrawn from entry under the general mining law at any time here pertinent.

### III

In any event, the District and Land Office of the Bureau of Land Management of the Department of the Interior failed to follow the procedure for classification of public lands established by the Congress in the Taylor Grazing Act and by the Secretary of the Interior in the regulations promulgated by him under

such latter act and pertinent and applicable to classification of lands.

## IV

In any event, lands classified under the Taylor Grazing Act and pertinent and applicable regulations promulgated by the Secretary of the Interior thereunder continue under the express provisions of Section 7 of the Taylor Grazing Act to entry and location under the mining laws without regard to classification and restriction or limitation by any provision of that act.

## V

In any event, eighteen months having passed after August 12, 1964, the date on which the classification statement was filed in the local land office, and no application having been made by any entity or body for lease of the subject area, the same was deemed by law to have been freed from the classification and any restrictive or segregative effect thereof and open to entry under the general mining law at the expiration of such eighteen-month period, irrespective of the failure of the personnel of the Department of the Interior to terminate the classification as required or contemplated by the Recreation and Public Purposes Act.

## VI

The Secretary of the Interior should be directed to set aside the said decisions in his office, in the office of the Director of the Bureau of Land Management and in the local District and Land Office and to dismiss any charge against Rusty Can #1 Lode Mining Claim, whether based on the original location or either of the amendments thereof mentioned herein, and based upon any asserted classification, segregation or withdrawal of the area from entry and location under the mining laws.

## SUMMARY JUDGMENT

This matter having come before the Court upon the Motion by plaintiff for Summary Judgment, the motion having been made, and the Court having considered the matter and having made and filed its Findings of Fact and Conclusions of Law, and pursuant thereto,

It is hereby ordered, adjudged and decreed that defendant, Walter J. Hickel, as Secretary of the Interior of the United States of America, shall forthwith:

(1) Set aside or cause to be set aside the Decision No. A–30777 dated June 4, 1968, made by the Assistant Solicitor, Land Appeals, in the Office of the Secretary of the Interior, for the Secretary of the Interior, in The Matter of R. C. Buch;

(2) Set aside or cause to be set aside the Decision dated December 13, 1966 made by the Acting Chief, Office of Appeals and Hearings, Bureau of Land Management, in The Matter of R. C. Buch, in proceeding No. R–04082–A; and

(3) Set aside or cause to be set aside the Decision by the Riverside (California) District and Land Office dated April 12, 1966 in proceeding No. R–04082–A,

all declaring Rusty Can #1 Lode Mining Claim null and void,

and, all without prejudice to the filing of any appropriate government contest complaint against the said mining claim upon any other ground or grounds or for any other reason or reasons than that the area located by and included in the claim was not open to entry and location under the general mining laws of the United States at the time the claim was located or at the time of any subsequent amendment of the original location.